IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN QUEZADA, | No. C 05-4634 CW |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| MIKE EVANS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding in propia persona, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that his sentence of fourteen years' imprisonment for three counts of child molestation was imposed unconstitutionally because the judge relied upon facts not found by a jury in deciding that the sentences for the three counts would run consecutively. Respondent Mike Evans opposes the petition. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the petition.

BACKGROUND

Between June 12, 1998 and July 15, 1998, Petitioner's former stepdaughter, who was eight years old at the time, stayed at Petitioner's house with him on an extended visit. During this

1 time, Petitioner had sexual intercourse with his stepdaughter every
2 day.

3 In October, 1998, a criminal complaint was filed in Santa
4 Clara County.  It charged Petitioner with three counts of
5 committing lewd acts on a child under the age of 14.  Each count
6 was worded identically and stated:

> On and between June 12, 1998 and July 15, 1998, in the above named Judicial District, the crime of LEWD OR LASCIVIOUS ACT ON CHILD UNDER 14, in violation of PENAL CODE SECTION 288(A), a Felony, was committed by EFRAIN VASQUEZ QUEZADA, who did willfully and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of JANE DOE, a child under the age of 14 years, to wit: 8 years of age, with the intent of arousing, appealing to and gratifying the lust, passions, and sexual desires of the said defendant and of said child.
>
> . . . It is further alleged that during the commission of the foregoing offense, the defendant, EFRAIN VASQUEZ QUEZADA, had substantial sexual conduct with JANE DOE, and said victim was under the age of 14 years, within the meaning of Section 1203.066(a)(8) of the Penal Code.

Resp.'s Mem. Ex. A at 1-3.  At a hearing in December, 2003, the
complaint was amended to add an allegation that Petitioner had
previously been convicted of violating Penal Code § 245(a), giving
him a "strike" felony for the purposes of California's Three
Strikes law.

At the same hearing, Petitioner entered a guilty plea to each
of the three counts individually, admitting that each count's
allegations were true.  He also admitted his prior conviction.
Prior to entering his plea, Petitioner stated that he understood he
was being charged with three counts, and that "each count allege[d]
a violation of Penal Code section 288 subdivision (a), lewd and
lascivious act on a child under the age of 14."  Id. Ex. B at 5-6.

2

Sentencing took place in February, 2004. The trial court imposed a prison term of six years on the first count, four years on the second count and four years on the third count. The court ordered that the terms would run consecutively because each count involved a separate occasion of sexual molestation. At the hearing, Petitioner did not object to the court's statement that each count involved a separate instance of molestation.

Petitioner appealed his sentence, claiming that the trial court's decision to impose consecutive terms violated his right to a jury trial under the Sixth and Fourteenth Amendments and his right to proof beyond a reasonable doubt under the Fifth and Fourteenth Amendments. The California Court of Appeal upheld Petitioner's sentence. The California Supreme Court denied Petitioner's petition for review.

## LEGAL STANDARD

A federal court may entertain a petition for a writ of habeas corpus on behalf of a "person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). Under the Antiterrorism and Effective Death Penalty Act, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000). The first prong applies both to questions of law and to mixed questions of law and fact, id. at 407-09, while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority -- that is, falls under the first clause of § 2254(d)(1) -- only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. On habeas review, the district court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. See id. at 409.

## DISCUSSION

Petitioner contends that the trial court's imposition of consecutive sentences deprived him of his right to a jury trial. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court

4

held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court explained that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303.

Petitioner does not assert that the trial court imposed a sentence in excess of the statutory maximum for any of the three counts to which he plead guilty. Thus, the Supreme Court cases cited above do not directly apply to his situation. Petitioner asserts instead that the court's decision to impose consecutive sentences impermissibly relied on a fact that had not been found by a jury and that he had not admitted -- namely, that each count constituted a separate instance of child molestation.

In the first place, the trial court did not make any factual determination in reaching its sentencing decision. Petitioner plead guilty to three separate counts of child molestation, each worded identically. In doing so, he admitted to committing three separate violations of the law. His claim that this does not amount to admitting that he committed child molestation on three separate occasions stretches reason.[1] Indeed, he makes no attempt

---

[1] As Respondent points out, Petitioner was not charged with the crime of continuous sexual abuse of a child, which is described in Penal Code § 288.5. Rather, he was charged with violating § 288(a), which criminalizes specific lewd or lascivious acts. Offenses under § 288 "are not only separate, but are separately punishable crimes." People v. Brown, 42 Cal. App. 4th 1493, 1501 (1996).

5

1  to address the fact that he plead guilty to three separate counts.
2  This alone is sufficient reason to deny the petition.
3      Additionally, even if the trial court had relied on judicial
4  fact-finding in support of its sentencing decision, doing so would
5  not violate Petitioner's right to a jury trial.  "Judicial
6  factfinding does not, on its own, violate the Sixth Amendment, even
7  when that factfinding is the basis for enhancing a defendant's
8  sentence."  United States v. Fifield, 432 F.3d 1056, 1066 (9th Cir.
9  2005).  Rather, judicial fact-finding violates the Sixth Amendment
10 only "when that factfinding enhances the maximum sentence to which
11 a defendant is subject."  Id.
12     No Sixth Amendment problem exists here because Petitioner was
13 potentially subject to consecutive sentences even in the absence of
14 a finding that he had committed child molestation on three separate
15 occasions.  Pursuant to California Penal Code § 669, "when a person
16 has been convicted of two or more offenses (whether in the same or
17 separate proceedings), the court must decide whether the terms are
18 to run concurrently or consecutively.  If the court fails to direct
19 how the terms are to run, they must be served concurrently."
20 People v. Black, 41 Cal. 4th 799, 820-21 (2007).  However, § 669
21 "does not establish a presumption in favor of concurrent sentences;
22 its requirement that concurrent sentences be imposed if the court
23 does not specify how the terms must run merely provides for a
24 default" in the event the court fails to articulate whether it has
25 exercised its discretion to impose the sentences consecutively.
26 Id. at 822.  In deciding whether to exercise this discretion,
27     the trial court may consider aggravating and mitigating
28
                                6

>     factors, but there is no requirement that, in order to
>     justify the imposition of consecutive terms, the court
>     find that an aggravating circumstance exists.  (See
>     § 669; Cal. Rules of Court rule 4.425(a), (b).)  Factual
>     findings are not required.  In imposing an upper term,
>     the court must set forth on the record "facts and
>     reasons" (§ 1170, subd. (b)), including the "ultimate
>     facts that the court deemed to be circumstances in
>     aggravation" (Cal. Rules of Court, rule 4.420(e).)  But
>     it need only cite "reasons" for other sentencing choices
>     (§ 1170, subd. (c)), and the reasons given for imposing a
>     consecutive sentence need only refer to the "primary
>     factor or factors" that support the decision to impose
>     such a sentence.  (Cal. Rules of Court, rule 4.406(a),
>     (b); § 1170, subd. (c); see People v. Tran (1996) 47
>     Cal.App.4th 759, 774, 54 Cal.Rptr.2d 905.)

Id.

Although consecutive terms are ordinarily discretionary, California's Three Strikes law "requires consecutive sentences whenever a defendant with one or more qualifying prior convictions is convicted . . . of multiple serious or violent felonies not committed on the same occasion, and not arising from the same set of operative facts." People v. Casper, 33 Cal. 4th 38, 42 (2004) (internal quotation marks omitted).  Thus, "[c]onsecutive sentencing is discretionary under [the Three Strikes law] only if the current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts'" -- otherwise, it is mandatory.  Id. (quoting Cal. Penal Code § 667(c)(6)).

In Black, the California Supreme Court concluded that the "imposition of consecutive terms under section 669 does not implicate a defendant's Sixth Amendment rights."  41 Cal. 4th at 821.  In that case, a jury found the defendant guilty of one count of continuous sexual abuse of a child and two counts of lewd and lascivious conduct with a child.  The trial court imposed three

7

consecutive terms because: 1) each count involved abuse of a different child; 2) one of the victims had been left in the defendant's care and therefore the crime involved a breach of confidence; and 3) the third offense was serious and of a predatory nature, in that the defendant had preyed on his stepdaughter and her friends.

In upholding the imposition of consecutive terms, the California Supreme Court persuasively reasoned that:

> Blakely's underlying rationale is inapplicable to a trial court's decision whether to require that sentences on two or more offenses be served consecutively or concurrently. We previously have recognized that Apprendi treated the crime together with its sentence enhancement as the functional equivalent of a single greater crime. Similarly, Blakely treats the crime together with a fact that is a prerequisite to eligibility for a greater punishment as the functional equivalent of a greater crime. The high court's decisions in Blakely and Apprendi are intended to protect the defendant's historical right to a jury trial on all elements of the crime, which the court concluded would be jeopardized if a legislature could label facts affecting the length of the authorized sentence for an offense as sentencing factors rather than as elements and thereby eliminate the right to a jury trial on such facts. Nothing in the high court's decisions in Apprendi [or] Blakely suggests that they apply to factual determinations that do not serve as the functional equivalent of an element of a crime.

41 Cal. 4th at 821-22 (internal quotation marks, alterations and citations omitted).[2]

---

[2] In finding that a defendant's right to a jury trial is not implicated by consecutive sentences, the court adhered to its earlier decision in the same case, People v. Black, 35 Cal. 4th 1238 (2005) (Black I). The United States Supreme Court remanded Black I for reconsideration in light of its intervening decision in Cunningham v. California, __ U.S. __, 127 S. Ct. 856 (2007). In Cunningham, the Supreme Court, citing Apprendi and Blakely, held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it permits a trial court to impose an upper term that would not be authorized in the absence
(continued...)

8

Petitioner's case differs from Black only in that his previous conviction made consecutive sentencing mandatory if he was found to have committed the three counts of child molestation on different occasions.[3]  This distinction is not determinative because the fact that Petitioner committed the three counts on separate occasions did not authorize the imposition of a sentence to which Petitioner otherwise would not have been subject -- it merely mandated such a sentence.  Cf. Fifield, 432 F.3d at 1067 ("Because, under [the federal sentencing statute,] a district court need not find any particular fact to impose consecutive sentences, the imposition of consecutive sentences does not violate the Sixth Amendment.")  Put another way, Apprendi and Blakely are concerned only with judicial fact-finding that permits a sentence exceeding the statutory maximum, which is defined as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 542 U.S. at 303.  Because the trial court had the discretion to impose consecutive sentences based solely on Petitioner's guilty plea, even if that plea were interpreted as not admitting that Petitioner committed the three counts on separate occasions, Petitioner's sentence did

---

[2](...continued)
of facts found by the court rather than by a jury.  Id. at 871.  However, Cunningham did not address the issue of consecutive sentencing, and Black I's holding on this point was not altered following remand.

[3]The trial judge stated that he was "electing" to have the sentence for count two run consecutively, but that his reason for doing so was that the count "involve[d] a separate occasion of sexual molest of the same victim."  Resp.'s Mem. Ex. B at 25.  Thus, the court may have been adhering to the mandatory consecutive sentencing provision of the Three Strikes law.

9

not exceed the "statutory maximum." Accordingly, Petitioner's Sixth Amendment rights would not have been implicated even if the trial court's decision to impose consecutive terms had been informed by judicial fact-finding.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 8/28/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

QUEZADA,

        Plaintiff,

  v.

EVANS et al,

        Defendant.

Case Number: CV05-04634 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Efrain Vasquez Quezada
V-25833 / 310-1-39L
Avenal State Prison
P.O. Box 9
Avenal, CA 93204

John Michael Chamberlain
California Department of Justice
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102

Dated: August 28, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

11